# MOTION HEARING MINUTES

*CASE NAME:*

| NXIVM Corporation, et al. | VS | Joseph J. O'Hara, et al. |
|---|---|---|

*CAUSE*: 18:1964 Racketeering (Rico) Act        *DATE*:  September 12, 2005

*PROCEEDING:*    **Plaintiffs' application for an order to show cause for a preliminary injunction and temporary restraining order**

*LAW CLERKS*: _____        *CASE NUMBER:* 1:05-cv-1045 (GLS/RFT)

*TRIAL DATE:*  \*\*/\*\*/\*\*        *STENO*:  Theresa Casal

Note:    None

| PRINT NAME | FIRM NAME | PHONE # | PARTY: |
|---|---|---|---|
| Judd Burstein | Office of Judd Burstein | 212-974-2400 | Plaintiffs |
| Peter Schaulk | Office of Judd Burstein | 212-974-2400 | Plaintiffs |
| William Dreyer | Dreyer, Boyajian Law Firm | 518-463-7784 | Defendant O'Hara |
| James Peluso | Dreyer, Boyajian Law Firm | 518-463-7784 | Defendant O'Hara |

BEGINNING TIME:   9:00 A.M.        END TIME: 9:35 A.M,

**APPEARANCES:**.    All attorney's are present.

9:05 a.m.    Attorney Burstein states facts of the case.
9:05 a.m.    Exhibit F of plaintiffs' papers acknowledge that defendant O'Hara provided legal services for plaintiff
9:06 a.m.    Discusses Toga PLLC entity.
9:07 a.m.    Providing legal services, taking money and not authorized to practice in New York.
9:08 a.m.    Fraud is with two other clients.  Understands why court would not allow reply of two defendants.
9:09 a.m.    Court suggests affidavits could have been filed with the application; Court asks who carries burden of proof.
9:10 a.m.    Never told defendants of potential conflicts; transaction is fraud.  Did not own the properties.  Optional agreement states he owned properties.
9:12 a.m.    Defendant O'Hara borrowed money and gave an option on a property he did not own at that time.
9:13 a.m.    Failed to tell the defendants that there was a mortgage in regards to other defendant Rutnik on the property.

| | |
|---|---|
| 9:13 a.m. | Defendant O'Hara admitted he took a referral fee for defendant Rutnik; improper under any circumstances. |
| 9:13 a.m. | Last scheme was in regards to the Ethical Foundation. |
| 9:14 a.m. | $200,000.00 contributed by NXIVM for the foundation was taken and placed in business account. Defendant O'Hara alleges for possible fees. |
| 9:15 a.m. | Court asks about whether or not an issue on the amount of money. |
| 9:15 a.m. | Court asks restrain attorney general account? |
| 9:15 a.m. | Attorney Burstein states the Ethical Foundation account. |
| 9:16 a.m. | Court asks if concede that amount is held in a check at the Attorney General's Office |
| 9:17 a.m. | Attorney Burstein states not cashed and sitting there. |
| 9:18 a.m. | Attorney Burstein states not sure if using the money for cashflow; do know that he borrowed 2 million and attached to land did not own; took funds from a charitable account. The 2 million is now gone. $850,000.00 went to the purchase land. Defendant who cheats clients. He owns another piece of property with another woman next to the property secured to the loan to the plaintiffs. |
| 9:20 a.m. | Court asks to sought a restrain on property. |
| 9:21 a.m. | Attorney Burstein states sought other relief as court deems necessary. |
| 9:22 a.m. | Attorney Burstein asks about possible evidentiary hearing. |
| 9:23 a.m. | Seek TRO on any property own or company having a controlling interest, hearing on whether bank account could be attached, sworn financial statement. |
| 9:23 a.m. | Attorney Dreyer states wants to start with the law; recommended most drastic remedies. Serious disputes in regards to the complaint. Law states very strict legal standards. |
| 9:24 a.m. | Plaintiffs have not showed the tipping in favor of the plaintiffs. Discusses New York attachment law. Fraud in disposition in the money received or attempt in fraud. Lawsuit is a fiction created after June 2005. |
| 9:25 a.m. | Attorney Dreyer refers to the facts. Joined in 2003 as a lawyer. Identified Attorney O'Hara as a consultant. To hire professionals. States plaintiff has problems and wanted a confidential relationship. |
| 9:26 a.m. | No fraud in disposition of assets. No secrets about these loans. Misuse of drastic remedies. The note of obligation is that they become due in 2006. Ownership of properties is the company that he is the sole proprietor. Plaintiffs trying to select facts. Properties are still there. Promissory notes are still there. Person of long standing. Longstanding consultant of municipal agencies. |
| 9:31 a.m. | Discusses assets delivered to the Attorney General. Acting to protect money and not steal it. Not a case for a tro, pi or for an attachment. |
| 9:32 a.m. | Court states not a case for a tro or a preliminary injunction. It is clear under the law. Court states no right to restrain. Application is denied. Transcript constitutes the record of the court. No written order forthcoming. |